2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 0 1 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MANUEL LOPEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | ACTION NO. B-00-066 |
| | § | |
| WAYNE SCOTT, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Manuel Lopez (Petitioner) is a prisoner incarcerated in the Neal Unit in Amarillo, Texas. Petitioner was convicted of sexual assault on February 15, 1990. Petitioner's conviction was affirmed by the court of appeals. Petitioner did not seek discretionary review with the Texas Court of Criminal Appeals.

Petitioner filed a state application for a writ of habeas corpus, and the Texas Court of Criminal Appeals denied the petition.

Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2254 on the ground that his sentence has been discharged under Texas Administrative Code 37 Section 100.04.

### ANALYSIS

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to all habeas petitions filed after April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 326 (1997). Petitioner filed his § 2254 petition on May 15, 2000. *Pet. for Writ of Habeas Corpus: 28 U.S.C. § 2254* at 1. As such, his petition is subject to the AEDPA.

The AEDPA states that a person in custody may not apply for a writ of habeas corpus more than one year after the date judgment became final either by conclusion of a direct review or by expiration of the time for seeking such review. 28 U.S.C. § 2244 (d)(1)(A).

1

Additionally, a petitioner whose conviction preceded the AEDPA is allowed a reasonable time period from the date the AEDPA was passed to file their habeas petition. *United States v. Flores,* 135 F.3d 1000, 1005 (5th Cir. 1998). This reasonable time period runs from April 24, 1996 to April 24, 1997. *Flores,* 135 F.3d at 1006.

Here, Petitioner's February 15, 1990 conviction preceded the AEDPA. *Pet.* at 2. As such, his time frame to file a federal habeas petition ran from April 24, 1996 to April 24, 1997. *Flores,* 135 F.3d at 1006. Petitioner did not file his federal habeas petition until May 15, 2000, well beyond the April 24, 1997 deadline. Thus, his petition is time barred.

The time during which a properly filed state habeas petition is pending is not counted toward the reasonable time period. *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998). Petitioner's state habeas petition was filed on January 21, 2000. *Pet.* at 3. Since this petition was not pending during the reasonable time period, it has no tolling effect.

Therefore, Petitioner's application for a writ of habeas corpus remains time barred, and the petition should be DENIED.

## RECOMMENDATION

For the reasons set forth above, Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 31st day of May, 2000.

Felix Recio
United States Magistrate Judge

2